PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com
-and-

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy., Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHARITABLE DAF FUND, L.P., AND CLO HOLDCO, LTD. | § § § § | |
| | § | Adv. Proc. No. 21-3067-sgj |
| Plaintiffs, | § § | |
| vs. | § § | Case No. 3:22-cv-02802-B |
| HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING, LTD. | § § § § § | |
| Defendants. | § § | |

1

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF OBJECTION TO
BANKRUPTCY COURT REPORT AND RECOMMENDATION TO THE DISTRICT
COURT ON "RENEWED MOTION TO WITHDRAW THE REFERENCE"
[BANKR. DOC. NO. 128]**

Highland Capital Management, L.P., the reorganized debtor and defendant in the above-
captioned action ("Highland"), by and through its undersigned counsel, hereby submits this
response (the "Response") to *Plaintiffs' Motion for Leave to File Reply in Support of Objection to
Bankruptcy Court Report and Recommendation to the District Court on "Renewed Motion to
Withdraw the Reference" [Bankr. Doc. No. 128]* [Docket No. 12] (the "Motion") filed by
Charitable DAF Fund, L.P., and CLO Holdco, Ltd. (collectively, "Plaintiffs"). In support of its
Response, Highland respectfully states as follows:

## RESPONSE

1.      Plaintiffs initiated this action by filing their objection [Docket No. 3] (the
"Objection") to the *Report and Recommendation to the District Court on "Renewed Motion to
Withdraw the Reference" [Bankr. Doc. No. 12]* [Docket No. 2] (the "Report") issued by the U.S.
Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

2.      Plaintiffs' Objection is not a motion or an appeal. It is something unique to the
Bankruptcy Code that, as all parties agree, is governed by Rule 9033(b) of the Federal Rules of
Bankruptcy Procedure ("Rule 9033(b)"). Rule 9033(b) provides, in pertinent part, that:

> Within 14 days after being served with a copy of the proposed findings of fact and
> conclusions of law a party may serve and file with the clerk written objections
> which identify the specific proposed findings or conclusions objected to and state
> the grounds for such objection. A party may respond to another party's objections
> within 14 days after being served with a copy thereof.

Accordingly, Rule 9033(b) allows (1) the losing party to object to a bankruptcy court's report and
recommendation and (2) the winning party to respond to that objection. That is it. Unlike the
rules applicable to motions and appeals, Rule 9033(b) does not give objecting parties the right to

file a reply. *In re CHARTER CO.*, 103 B.R. 302, 304 n.3 (M.D. Fla. 1989) ("Bankruptcy Rule 9033(b) contemplates only an objection and a response to the objection and no further pleadings"); 10 COLLIER ON BANKRUPTCY ¶ 9033.04 ("There is no requirement that a party object to the proposed findings and conclusions; rather, if a party *wishes* to object, that party must abide by the procedures and time limits set out in the rule") (emphasis in original).

3.      Notwithstanding their agreement that Rule 9033(b), Plaintiffs attempt to create their own rules by contending that Local Rule 7.1(f) somehow also applies to this action. Plaintiffs are wrong. Local Rule 7.1(f) concerns "motion practice." Plaintiffs have not filed a motion; they filed the Objection to the Bankruptcy Court's Report pursuant to 28 U.S.C. § 157(c)(1) and Rule 9033(b). Local Rule 7.1(f) has no bearing on the Objection.

4.      Plaintiffs' substantive arguments are also deficient.[1] ***First***, Plaintiffs argue a reply is necessary to respond to Highland's case law on the timeliness requirement of 28 U.S.C. § 158(d) [Docket Nos. 7, 8] ("Highland's R&R Response"). But Highland's cases are not new—they are the same cases Highland cited in the Bankruptcy Court—and could have been addressed in the Objection.[2] Moreover, even if Highland's cases were "new," they respond to Plaintiffs' arguments in the Objection. ***Second***, Plaintiffs contend Highland raised for the first time in its response arguments on judicial efficiency, forum shopping, and *Goldstein v. SEC*, 451 F.3d 873 (D.C. Cir.

---

[1] Plaintiffs objected to the Report's conclusion that Plaintiffs' motion to withdraw the reference (i) was untimely and (ii) did not require "'substantial and material' consideration of federal statutes." By objecting, Plaintiffs triggered *de novo* review under U.S.C. § 157(c)(1). *De novo* review allows this Court to review the entire record, including "the same or different facts, legal doctrines, or policies." 10 COLLIER ON BANKRUPTCY ¶ 9033.09. Accordingly, neither Plaintiffs nor Highland were bound by the four-corners of the Report when drafting their respective objection and response.

[2] *Cf.* Highland's R&R Response ¶¶ 39-40 *with Brief in Support of Highland Capital Management, L.P.'s Response to "Renewed" Motion to Withdraw the Reference* (the "Bankruptcy Response"), Adv. Proc. No. 21-03067-sgj, Docket No. 139, ¶¶ 25-26 (Bankr. N.D. Tex. Dec. 9, 2022).

2006).[3]  These are not new arguments.  They were raised by Highland in the Bankruptcy Court,[4] were directly responsive to Plaintiffs' Objection,[5] and addressed conclusions from the Report.[6] ***Finally***, Plaintiffs argued in the Objection that the Bankruptcy Court applied the wrong standard for mandatory withdrawal of the reference.[7]  Highland disagreed, citing largely the same cases it cited in the Bankruptcy Court.[8]  Again, there is nothing new for Plaintiffs to respond to and no basis to permit Plaintiffs to file a reply.  *See, e.g.*, *Murray v TXU Corp.*, CIV.A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) ("[T]he Court finds it nonsensical to believe a party must limit its research to previous briefings," especially where such authority is "in support or rebuttal of existing arguments …") (emphasis in original) (internal quotations omitted).[9]

5. Rule 9033(b) establishes the process for addressing objections to a report and recommendation.  Plaintiffs have provided no reason to deviate from that process, and, respectfully, the Motion should be denied.

---

[3] Objection ¶¶ 30-34.

[4] Bankruptcy Response ¶ 27 ("Here, the Motion is untimely and can only be interpreted as an attempt to forum shop, delay adjudication, and waste judicial and estate resources."); *Id.* ¶¶ 29-30 (addressing *Goldstein*).

[5] Objection ¶ 62 ("Highland has already challenged this, citing *Goldstein v. SEC*, 451 F.3d 873, 874 ([D.C. Cir.] 2006)[,] for the premise that there is no direct duty to an investor because the investor is not a direct client of Highland's.")

[6] Report at 14 ("The Renewed MTWR appears to be an attempt by Plaintiffs to avoid the bankruptcy court exercising its duties …. It appears to be forum shopping and an attempt to delay adjudication."); *id.* at 15 ("It is difficult to see Plaintiffs' strategy here as anything other than an attempted end-run around the bankruptcy court.")

[7] *See, e.g.,* Objection ¶¶ 50-56.

[8] *Cf.* Response ¶¶ 50-51, 56 *with* Bankruptcy Response ¶¶ 25-26.

[9] *See also McCoy v Tex. Dept. of Crim. Just.*, C.A. C-05-370, 2006 WL 2434289, at *1 (S.D. Tex. Aug. 21, 2006) (rejecting nonmovant's argument that a sur-reply was proper, explaining "[t]he mere fact that the movant cites new cases and makes new 'arguments' is not alone sufficient" because it does not constitute "new legal theories" or "new evidence"); *Jefferson v Hosp. Partners of Am., Inc.*, CIV.A. H-08-1535, 2009 WL 8758090, at *5 (S.D. Tex. May 18, 2009), *affd sub nom. Jefferson v Christus St. Joseph Hosp.*, 374 F. App'x, 485 (5th Cir. 2010) (finding filing of sur-reply improper where movant's "reply brief did not contain new legal theories or evidence; it merely rebutted [nonmovant's] response," noting that new case cites or new argument is not sufficient grounds for sur-reply).

## **CONCLUSION**

WHEREFORE, Highland respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated:  April 14, 2023                **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com


-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:  MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*