UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARITABLE DAF FUND, L.P. and CLO HOLDCO, LTD., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-2802-B |
| HIGHLAND CAPITAL MANAGEMENT, L.P.; HIGHLAND HCF ADVISOR, LTD.; and HIGHLAND CLO FUNDING, LTD., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Charitable DAF Fund, L.P. ("DAF") and CLO Holdco, Ltd.'s Renewed Motion to Withdraw the Reference (Doc. 1-1). Because the bankruptcy court has since granted Defendants' motion to dismiss in the underlying adversary proceeding, the Motion (Doc. 1-1) is **DENIED AS MOOT**.

This Motion arises in the context of longstanding and complex litigation over Defendant Highland Capital Management, L.P. ("Highland")'s Chapter 11 bankruptcy. In April 2021, Plaintiffs filed a lawsuit against Highland and other related entities. *See generally* Complaint, *Charitable DAF Fund, L.P. v. Highland Capital Management, L.P.*, No. 3:21-CV-0842-B (N.D. Tex. April 12, 2021) (Boyle, J.), Doc. 1. The lawsuit made several claims relating to Highland's handling of a settlement it had reached with a disputed creditor in the bankruptcy proceedings. *Id.*

Shortly thereafter, Highland moved the Court to enforce the standing order of reference and refer the case to the bankruptcy court. Motion for an Order to Enforce the Reference,

- 1 -

*Charitable DAF Fund, L.P. v. Highland Capital Management, L.P.*, No. 3:21-CV-0842-B (N.D. Tex. May 19, 2021) (Boyle, J.), Doc. 22. The Court granted the motion and referred the case to the bankruptcy court "to be adjudicated as a matter related to the consolidated Chapter 11 Bankruptcy of Highland." Order of Reference, *Charitable DAF Fund, L.P. v. Highland Capital Management, L.P.*, No. 3:21-CV-0842-B (N.D. Tex. Sept. 20, 2021) (Boyle, J.), Doc. 64. DAF and CLO Holdco now move the Court under 28 U.S.C. § 157(d) to withdraw the reference to the bankruptcy court. Doc. 1-1, Mot. Withdraw.

While their Motion to Withdraw the Reference was pending, however, the bankruptcy court ruled on Defendants' Renewed Motion to Dismiss. *See generally* Memorandum Opinion and Order, *Charitable DAF Fund, L.P. v. Highland Capital Management L.P.*, Ch. 11 Case No. 19-34054-sgj11, Adv. No. 21-3067 (Bankr. N.D. Tex. June 25, 2023), Doc. 166. The bankruptcy court granted the motion and dismissed Plaintiffs' claims on grounds of judicial estoppel and failure to state a claim. *Id.* Plaintiffs have since filed an appeal of the bankruptcy court's dismissal, which is currently pending before the Court. *See* Notice of Appeal, *Charitable DAF Fund, L.P. v. Highland Capital Management L.P.*, No. 3:23-CV-1503-B (N.D. Tex. July 6, 2023) (Boyle, J.), Doc. 1-1.

In this district, "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11" are automatically referred to the bankruptcy courts, though the district court retains jurisdiction. *See* N.D. Tex. Misc. Order #33; 28 U.S.C. § 157(a) (permitting such referral); 28 U.S.C. § 1334 (retaining jurisdiction). However, 28 U.S.C. § 157(d) provides a statutory mechanism for district courts to withdraw references to the bankruptcy courts. The statute provides:

>The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

However, the bankruptcy court's order granting dismissal effectively resolves the adversary proceeding; nothing is left to withdraw. Accordingly, a bankruptcy court's order dismissing the adversary proceeding moots a pending motion to withdraw. *E.g.*, *In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009); *In re Garden Fresh Rests.*, LLC, 2022 WL 410942, at *1 (S.D. Cal. Feb. 10, 2022). The Court therefore **DENIES AS MOOT** Plaintiff's Motion to Withdraw the Reference (Doc. 1-1).

**SO ORDERED**.

**SIGNED: July 26, 2023**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE